UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  0:23-cv-61304

MIDDLEBROOKS/AUGUSTIN-BIRCH

AMGUARD INSURANCE
COMPANY,

      Petitioner,

vs.

SUPER WINN NAIL SPA

 and

GINA JANVIER

      Respondents.
_____/

### RESPONDENT, ANSWER TO COMPLAINT FOR DECLARATORY RELEIF, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

The Respondent/Counter-Petitioner, GINA JANVIER (hereinafter the "INJURED"), by and through her undersigned counsel, brings this her Answer and Counterclaim against Respondent, SUPER WINN NAIL SPA (hereinafter the "INSURED"), and Petitioner/Counter Respondent, AMGUARD INSURANCE COMPANY (hereinafter, "AMGUARD") and alleges as follows:

1. The INJURED hereby admits that this is a declaratory judgment action but denies any remaining allegation.

2. The INJURED hereby admits the allegations in paragraph two for jurisdiction purpose only.

## THE PARTIES

3. THE INJURED hereby admits the allegations in paragraph three.

4. Upon information and belief, THE INJURED hereby admits the allegations in paragraph 4.

5. THE INSURED lacks sufficient evidence to admit or deny the allegations in paragraph 5.

6. THE INJURED hereby admits the allegations in paragraph six.

7. THE INJURED hereby admits the allegations in paragraph seven.

8. The INJURED hereby admits the allegations in paragraph eight for jurisdiction purpose only.

9. The INJURED hereby only admits that the subject nail salon is located at the address alleged in paragraph 9. All other allegations not admitted are denied.

10. The INJURED hereby admits the allegations in paragraph ten.

11. Defendant lacks information to admit or deny the allegation in paragraph eleven.

12. Defendant lacks information to admit or deny the allegation in paragraph twelve.

13. The INJURED hereby admits the allegations in paragraph eleven.

14. The INJURED hereby admits the allegations in paragraph fourteen.

15. The INJURED hereby admits only that the policy insures the portion of the property being occupied by its insured. Denied as to the rest of the allegation.

16. The INJURED hereby admits the allegations in paragraph sixteen.

17. The INJURED lacks information to admit or deny the allegation in paragraph seventeen. To the extent a response is required The INJURED denies the allegation contained in paragraph seventeen.

18. The INJURED hereby admits the allegations in paragraph eighteen.

19. The INJURED lacks information to admit or deny the allegation in paragraph nineteen. To the extent a response is required The INJURED denies the allegation contained in paragraph nineteen.

20. The INJURED hereby admits the allegations in paragraph twenty.

21. Defendant lacks information to admit or deny the allegation in paragraph twenty-one. To the extent a response is required The INJURED denies the allegation contained in paragraph twenty-one.

22. The INJURED hereby denies the allegation contained in paragraph twenty-two.

The request for relief, and all allegations not specifically admitted herein, are denied.

**AFFIRMATIVE DEFENSE**

**First affirmative Defense**

The Petitioner s Complaint fails to state a cause of action.

**Second Affirmative Defense**

The Petitioner is seeking an improper advisory opinion.

### Third affirmative Defense

The Petitioner has unclean hands.

### COUNTERCLAIM FOR DECLARATORY RELIEF

The Respondent-Counter Petioner , GINA JANVIER (hereinafter the "INJURED"), by and through undersigned counsel, pursuant to 28 U.S.C. § 2201 and 28 U.S.C. section 1332, submits the following Complaint for Federal Declaratory Relief against Petitioner AMGUARD INSURANCE COMPANY and respondent SUPER WINN NAIL SPA states:

1. This is a declaratory action filed pursuant to 28 U.S.C. § 2201 and for equitable relief.

2. Jurisdiction is based on 28 U.S.C., section 1332, because the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of costs and attorney's fees.

### PARTIES

3. Petitioner, AMGUARD INSURANCE COMPANY, is a foreign insurer authorized to conduct business in Florida.

4. Petitioner, AMGUARD INSURANCE COMPANY, is incorporated in the state of Pennsylvania.

5. Petitioner, AMGUARD INSURANCE COMPANY'S principal place of business is in Wilkes-Barre, Pennsylvania.

6.      SUPER WINN NAIL SPA, INC. ("Super Winn") is a Florida corporation with its principal place of business in Hallandale, Florida and domiciled in Florida.

7.      Respondent, Gina Janvier, is a citizen of the state of Florida, residing in Broward County, Florida and domiciled in Broward County, Florida.

8.      Venue is proper in this Division, as the events which gave rise to the underlying lawsuit occurred in Broward County, Florida.

## INTRODUCTION

In this insurance coverage declaratory judgment action, the INJURED seeks declarations that the insurance policy issued to SUPER WINN NAIL SPA affords coverage for claims raised in the INJURED's, pending lawsuit styled GINA JANVIER v. SUPER WINN NAIL SPA CACE-23010182 (the "Underlying Action"), arising out the INJURED's catastrophic injuries suffered as a result of SUPER WINN NAIL SPA's negligence. Petitioner/Counter Respondent, AMGUARD, asks this Court to subsume *"personal grooming,"* as used in the subject Policy, within the meaning of "pedicure." Thereby, eliminating AMGUARD'S duty to defend and/or indemnify its insured.   However, the allegations in the INJURED Amended Complaint triggers coverage.  THE INJURED  alleges that that the her injury arises out of Super Winn Nail Spa's Negligence, which is not excluded under the policy. More specifically, the insureds allegations are that D DIAMOND NAILS, a subsidiary of SUPER WINN NAIL SPA, violated Florida Statues by operating a nail salon without a license. As the insured through its subsidiary, serviced customers such as the INJURED in direct violation of several health and

safety regulations mandated by Florida law and as a direct and proximate result of said per se negligence the INJURED suffered a catastrophic injury. Accordingly, the INJURED is in doubt as to her rights under the subject policy when her injuries arise not from the insured's "professional service" but from the insured's unprofessional service—such as rendering unlicensed pedicurist services—to the unsuspecting public in direct violation of a Florida law.

## STATEMENT OF FACTS

9. At all times material hereto, Respondent, SUPER WINN NAIL SPA, owned, operated, controlled, possessed and/or maintained D DIAMOND NAILS which was located at: 409 West Hallandale Beach Blvd, #419, Hallandale, Beach Florida 33009, in Broward County Florida.

10. At all times material hereto, AmGuard issued policy number SUBP294381 to Super Winn Nail Spa, Inc., for the policy period July 20, 2021 to July 20, 2022, with a limit of liability of $1,000,000 per occurrence/$2,000,000 general aggregated for liability to others. *A true and correct copy of the Policy is attached hereto as Exhibit "A."*

11. On or about January 25, 2022, The INJURED, a business invitee was lawfully on the Respondent's premise and was permanently injured by the negligence of employees of D DIAMOND NAILS when the employee caused a laceration to the Plaintiff's left hallux that became infected and eventually amputated.

12. The INJURED, brought a lawsuit against Respondent, Super Winn, based upon injuries she received while receiving a pedicure at the salon located in Hallandale.

13. The Petitioner, AmGuard determined that there is no applicable coverage under the policy for the claimed damages as the aforesaid Policy does not provide coverage for professional services.

## COUNT I DECLARATORY JUDGMENT

### A. Declaratory Judgment Standard

Before a court may exercise its jurisdiction to grant declaratory relief "some justiciable controversy" must exist "between adverse parties that needs to be resolved." *Martinez v. Scanlan,* 582 So. 2d 1167, 1171 (Fla. 1991). The elements of a cause of action for declaratory relief are well established. To be entitled to relief, the plaintiff must show:

(1) there is a bona fide, actual, present practical need for the declaration;

(2) that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts;

(3) that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts;

(4) that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law;

(5) that the antagonistic and adverse interests are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity. *May v. Holley,* 59 So. 2d 636, 639 (Fla.1952); *accord Ahearn v. Mayo Clinic,* 180 So. 3d 165, 174 (Fla. 1st DCA 2015).

Here, there is a bona fide, actual, present and practical controversy facing the INJURED. Further, there are present or ascertainable facts, concerning the INJURED's right to be compensated for the catastrophic injury she received from the insured who although it purchased a policy for its business is left without any proceeds from the insurance company. All proper and present antagonistic or adverse interests are before this Court by proper process. All parties to this action have an actual, present, adverse and antagonistic interest in the subject matter described herein. All conditions precedent to the initiation or the maintenance of this action have been complied with, have occurred or have been waived. All parties who do or may claim an interest in the subject matter hereof have been joined herein as parties. The INJURED is in doubt about her rights in relation to be compensated for her injuries.

### **POLICY**

14. The subject Policy provides in pertinent part:

    **SECTION II – LIABILITY**

    **A. Coverages**

  **1.** **Business Liability**

We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury. " However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any occurrence" and settle any claim or "suit" that may result.

 15. The policy however specifically excludes bodily injury caused by the rendering or failure to render professional service as follows:

  **B. Exclusions**

  **1. Applicable To Business Liability Coverage**

  This insurance does not apply to:

  **Professional Services**

  "Bodily injury", "property damage" or "personal
and advertising injury" caused by the rendering
or failure to render any professional service.
This includes but is not limited to:
**(1)** Legal, accounting or advertising services;
**(2)** Preparing, approving, or failing to prepare or
approve maps, drawings, opinions, reports,
surveys, change orders, designs or specifications;
**(3)** Supervisory, inspection or engineering services;
**(4)** Medical, surgical, dental, x-ray or nursing
services treatment, advice or instruction;
**(5)** Any health or therapeutic service treatment,
advice or instruction;
**(6)** Any service, treatment, advice or instruction

>   for the purpose of appearance or skin enhancement,
>   hair removal or replacement or personal grooming;
>   **(7)** Optometry or optical or hearing aid services
>   including the prescribing, preparation, fitting,
>   demonstration or distribution of ophthalmic
>   lenses and similar products or hearing aid
>   devices;
>   **(8)** Body piercing services; and
>   **(9)** Services in the practice of pharmacy.

16.    Despite the drafter's best attempt to include a broad non-exhaustive list of professional services in the exclusions that the insurance coverage does not apply to. The Policy still leaves the term "professional service" undefined. As such, the term should be construed liberally in favor of the insured and strictly against the insurer. *Container Corp.,* 707 So.2d at 736; *Berkshire Life Ins. Co. v. Adelberg,* 698 So.2d 828, 830 (Fla.1997). In addition, "when an insurer fails to define a term in a policy, ... the insurer cannot take the position that there should be a `narrow, restrictive interpretation of the coverage provided.' " *State Comprehensive Health Ass'n v. Carmichael,* 706 So.2d 319, 320 (Fla. 4th DCA 1997); *see also State Farm Mut. Auto. Ins. Co. v. Pridgen,* 498 So.2d 1245, 1247 n. 3 (Fla.1986); *National Merchandise Co. v. United Serv. Auto. Ass'n.,* 400 So.2d 526, 530 (Fla. 1st DCA 1981). Applying the foregoing to the instant case, the due to the fact that the term professional service was insufficiently defined it should be construed strictly against the insurer. The insurer cannot now take the position that professional services also include services rendered by a pedicurist.

Just as the above professional services exclusion points to doctors, lawyers, optometrist, and many others as services that are not included the drafters could have easily achieved that result with the inclusion as other similar Policies have a Specified Therapeutic or Cosmetic *Services* Exclusion.

17.  On another note, notwithstanding the foregoing, "Florida's court[s] have long followed the 'general rule that a liability insurance carrier must defend its insured **if the initial pleadings fairly bring the case within the scope of coverage**." *Pioneer Nat'l Title Ins. Co. v. Fourth Coin. Props. Corp., 487 So.2d 1051, 1054 (Fla. 1986)* (quoting *Accredited Bond Agencies, Inc. v. Gulf Ins. Co., 352 So.2d 1252 (Fla. 1st DCA 1977)*) (emphasis added). "The duty of an insurer to defend is determined solely by the allegations of the complaint against the insured, not by the actual facts, nor the insured's version of the facts or the insured's defenses." *Nationwide Mutual Fire Ins. Co., v. Advanced Cooling and Heating, Inc., 126 So.3d 385 (Fla. 4th DCA 2013)*; *Reliance Ins. Co. v. Royal Motorcar Corp., 534 So.2d 922, 923 (Fla. 4th DCA 1988)* (internal citations omitted); *see also Jones v. Fla. Ins. Guar. Ass'n, 908 So.2d 435, 443 (Fla. 2005)* ("The duty to defend must be determined from the allegations in the complaint.")."Any doubts regarding the duty to defend must be resolved in favor of the insured." *Jones, 908 So.2d at 443* (citations omitted). Here, the allegation in the INJURED'Ss complaint definitely brought the claim into the scope of coverage because the complaint alleges that could not be reasonably disputed however that an unlicensed salon or pedicurist could not provide a professional

service. At least as the term appears to be defined in the subject Policy. Accordingly, because the INJURED's policy alleges negligence per se, which is not excluded in the policy the insurer must defend and indemnify its insured. Particularly given the fact that the duty of an insurer to defend is determined solely by the allegations of the complaint against the insured, not by the actual facts of the case itself.

Due to the foregoing the INJURED is in doubt as to her rights to under the insurance policy, there exists a justiciable controversy between the parties that needs to be resolved. As the insured is permanently injured and has no othe

**WHEREFORE,** Plaintiffs pray this Honorable Court to enter an order compelling Defendant to respond to said discovery within ten (10) days from the date of the entry of an order and for any other relief the Court deems just and reasonable.

Dated this 22nd day of 2023.

/s/ *Roosevelt M. Presume*
Roosevelt M. Presume, Esquire
CITADEL LAW, LLC
Attorneys for Plaintiff
1500 W Cypress Creek Road
Fort Lauderdale, Florida
Tel:  (954) 304-9300
Fax: (954) 304-9398